1

2

3            UNITED STATES DISTRICT COURT

4                 DISTRICT OF NEVADA

5                        * * *

6    JASON ALTHEIDE,                          Case No. 3:19-cv-00638-MMD-WGC

7                              Plaintiff,                ORDER

8          v.

9    CARPENTER, *et al.*,
                              Defendants.

10

11        This action began with a *pro se* civil rights complaint filed pursuant to 42 U.S.C. §

12   1983 by a state prisoner. On January 17, 2020, this Court issued an order directing

13   Plaintiff to file his updated address with this Court within 30 days. (ECF No. 5.) The 30-

14   day period has now expired, and Plaintiff has not filed his updated address or otherwise

15   responded to the Court's order. The Court will therefore dismiss this case.

16        District courts have the inherent power to control their dockets and "[i]n the

17   exercise of that power, they may impose sanctions including, where appropriate . . .

18   dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831

19   (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure

20   to prosecute an action, failure to obey a court order, or failure to comply with local rules.

21   *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance

22   with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for

23   failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856

24   F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring

25   *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d

26   128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v.

27   Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure

28   to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to file his updated address with the Court within 30 days expressly stated: "It is further ordered that, if Plaintiff fails to timely comply with this order, the Court shall dismiss this case without prejudice." (ECF No. 5 at 2.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to file his updated address within 30 days.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file an updated address in compliance with this Court's January 17, 2020 order.

It is further ordered that the application to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

///

///

It is further ordered that the Clerk of the Court enter judgment accordingly and close this case.

DATED THIS 26th day of February 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE